ALEXANDER ATKINSON, plaintiff in error, *vs.* DANIEL KEITH, administrator, *et al.*, defendants in error.

1. A creditor of an insolvent estate, who held the vendor's lien on land which had been sold by the administrator, may proceed by bill against the representative of the estate for the assertion of his equitable claim on the proceeds of the sale.

2. The creditor's debt was contracted in 1859, and the bill was filed in 1869, originally against the administrator, the purchaser and his vendor, and the widow of the intestate who had taken dower, charging notice of the lien on each, and praying a sale of the land for the discharge of the vendor's lien. By amendments made after January 1st, 1870, all parties defendants were stricken from the bill, except the administrator and the first purchaser, who, it was charged, had not paid for the land. The prayer was also amended, asking judgment on the debt against the administrator, and that the purchaser be decreed to pay his debt due the estate to complainant, and praying an injunction restraining the collection of the debt due by the purchaser:

*Held,* That no necessity was shown why the purchaser should be a party, or for the relief prayed against him, or for any injunction, and the bill should have been dismissed as to the purchaser.

3. The amendment to the prayer was a proper amendment, and the bill was not, on account thereof, demurrable, on the ground that the relief then prayed was barred by the Act of March 16th, 1869.

Equity. Vendor's lien. Parties. Amendment. Statute of limitations. Before Judge UNDERWOOD. Meriwether Superior Court. November Term, 1873.

Alexander Atkinson filed his bill on December 29th, 1869, against Daniel Keith, as administrator upon the estate of George W. Keith, deceased, David B. Moore, Benjamin Elliot and M. L. Duskin, and his wife, Martha J. Duskin, making, substantially, the following case :

On October 17th, 1859, complainant and one John W. Hunter conveyed certain lands, which they jointly owned in Stewart county, to George W. Keith, at and for the sum of $3,700 00. Keith paid a portion of the purchase money in cash, and gave notes for the balance. These notes were divided between Hunter and complainant, the latter receiving two, each for the sum of $550 00, and due December 25th, 1860. George W. Keith died, and the defendant, Daniel Keith, became his administrator. Complainant always relied upon his vendor's lien as security for the payment of said notes, and so notified said administrator, and demanded payment. Notwithstanding this, said administrator sold said land to the defendant, David B. Moore, who purchased with full notice of complainant's claim. Moore sold said property to the defendant, Benjamin Elliot, who also purchased with full notice of complainant's lien. Dower was assigned in said land to Martha J. Keith, the widow of George W. Keith, now the wife of the defendant, M. L. Duskin. She and her husband also had full notice of complainant's lien. The estate of George W. Keith is insolvent, and complainant's only remedy is upon his equitable lien.

Prays a sale of the aforesaid lands, and that his claim may be satisfied from the proceeds thereof.

On March 30th, 1870, complainant amended his bill by charging that the defendant, Keith, as administrator, sold said lands to one Benjamin Perkins, who bought with full notice of complainant's lien, and that Perkins sold to Moore.

On September 13th, 1870, complainant amended by charging that it had recently come to his knowledge that said administrator had in his possession, and was suing upon, the note given by Moore for said lands, which note was dated November 3d, 1863, for the sum of $3,005 00, and payable

to said administrator.   Still relying upon his equitable lien, yet nevertheless prays that Moore may be decreed to satisfy his claim in part payment of said note, and that said administrator, in the meantime, be enjoined from making any collection thereon.

Upon motion of complainant, the bill was dismissed as to all the defendants except Moore and the administrator.

The remaining defendants demurred to the bill, upon the ground that the amendments rendered the bill multifarious, and upon the further ground "that the notes, which were the foundation of the amendments, were barred by the Act of the Legislature of March 16th, 1869, at the time of the filing thereof."

The demurrer was sustained, and complainant excepted.

BOYNTON & DISMUKE; A. M. SPEER, for plaintiff in error.

GEORGE L. PEAVY, by Z. D. HARRISON, for defendants.

TRIPPE, Judge.

1. All the parties to this bill, originally, or made so by amendment, were stricken from the case, except the administrator of G. W. Keith, the deceased debtor, and Moore, the purchaser of the land at administrator's sale.   The bill is for the purpose of asserting complainant's equity on the proceeds of the sale.   We have held that this can be done:  See *Stallings, executor, vs. Ivey, administrator*, 49 *Georgia*, 274   The estate in this case is shown by the bill to be insolvent.   There may be many reasons why complainant is entitled to go into equity.   His lien is a creature of equity, and if he could even now assert it at law it could be done only by a proceeding as full and complete in setting forth his claim as a bill in chancery.   Equity has not lost all jurisdiction because a party may proceed at law if he so choose.

2. There was no necessity why Moore, the purchaser of the land, should be made a party, or why he should be restrained

Atkinson *vs.* Keith *et al.*

from paying to the administrator the money he owes on the purchase. Courts will not interfere thus with the administration of an estate without good cause shown. We presume the idea for getting an injunction was, that that was the only way to subject the money in Moore's hands to the lien of complainant. It may as well be reached in the hands of the administrator as in any other way. Indeed, it is the only proper way, unless good reasons be shown why it should not go into his hands at all. There might be liens on the fund superior to complainant's, or rather claims against the estate that would have a priority over the vendor's lien: See *Stallings vs. Ivey, supra.*

3. The last amendment to the prayer asked a judgment against the administrator for complainant's debt. It is replied, by way of demurrer, that this prayer comes too late; that the Act of March 16, 1869, bars the relief now prayed. The original bill sets forth this debt, the complainant's right to it, and the bill was filed for its enforcement, and the administrator was a party. All the charges were in the bill at first, on which to found this prayer. It should have been in when the bill was filed. But it is not too late now to make it. The administrator had notice before 1870 that complainant was asserting his right to collect the debt. It is true it was sought to have the land resold. That did not deprive complainant to ask that the proceeds of the sale in the administrator's hands should be decreed to pay it. It is not introducing a new cause of action, nor an attempt to set up any claim barred by any statute of limitations.

Judgment reversed so far as the bill was dismissed against the administrator.